Mr. Cozina. Thank you, Your Honors. May it please the Court, Vladimir Cozina on behalf of Petitioner Rebecca Orr. Your Honors, we're here on this petition to address a couple of very specific and limited issues relating to a Rule 60 motion for clarification or relief that was filed in response to an order granting arbitration. Specifically, the primary issue on this writ is that the Court committed clear error in failing to make the initial determination of whether the FAA or the CAA applied to the arbitration agreement. Our position is such because all the way back in 2011, this Court in Ray Van Dusen held that it is the duty of a court and not an arbitrator to make that determination. And in this case, the Court decided that it didn't need to because it believed that the ultimate result, that compelling arbitration pursuant to the delegation clause, would be the same. So suppose that we, hypothetically, we were to agree with everything you have said about the FAA and say that the District Court was wrong to do what it did. And so we grant the writ and the case goes back to the District Court. The District Court said, you know, very explicitly in its order, like, under the CAA, arbitration of the claims is required. I don't understand you to have challenged that before us. So the Court would then send you off to arbitration under the CAA, and I'm struggling to see how you'd be any better off. I'll do my best to explain that. The issue is that when the Court – while we do agree, the Court can compel arbitration of the delegable issues. So the key part here is not that the arbitrability of the – It seems to me, to be frank, that there is a substantial question of whether the – if something is excluded from the FAA that you can then litigate it under the CAA, but – under the California Act. But everybody is assuming it, and we're going to assume it, so – but it's not so obvious. But there's another question, which is that the arbitration agreement says you're supposed to be litigating it under Ohio law. There's a – I didn't notice there was a choice of law clause for Ohio law. Ohio Arbitration Act, specifically. I thought it said – so I apologize. My understanding was that the clause indicated that if the FAA didn't apply, then it would be the state in which the person lasts. First, it says Ohio. Now it says Ohio first. Okay. So we're not going to go to California either. Well, so even assuming that there's some validity to the court having the power to compel this issue to arbitration – and again, it's limited to the delegation issue. Like we're not actually having determined – because we agree that questions of arbitrability are arguably validly delegated to the arbitrator pursuant to the arbitration agreement. And we didn't challenge that below, so we can't come up here now and ask to undo it. So I understand that you're arguing this is clear error. I – Clear error. Yes. What are the rest of the Bauman factors that I need to consider? All right. Go ahead. You can answer that question. But I want you to get back to Judge Miller's question. Before she interrupts you, would you please answer that question? Yeah, no problem. So with respect to the other Bauman factors, the first one is whether there is an adequate remedy like a direct appeal. And a case law like In re Creech holds that if there's not a direct appeal, that factor is generally satisfied, and we can't directly appeal this particular issue. I agree with that. The second one is whether the petitioner is going to be injured in a way that can't be adequately remedied on appeal. And I think there are several ways that that occurs here. One is, of course, if the arbitrator decides this issue, the CAA versus FAA issue, or maybe Ohio Arbitration Act issue, and does it wrong, the enforceability of that arbitration agreement hinges very heavily on whether the FAA or the CAA applies. As I've spelled out in the brief, and I'm sure your honors are familiar with it. The CAA may not be applicable. Well, that's true too. But because those differences are significant, if Ms. Orr is required to individually arbitrate. Do you want to explain? I mean, that's also the answer to Judge Miller's question, I think. So what are the differences? Why would it matter? That is true. It does. It matters because under the FAA, numerous California decisions and laws that render arbitration agreements unenforceable in the employment and wage and hour context are preempted. So if the FAA applies, none of that stuff comes into consideration for the enforceability arguments that might be made by Ms. Orr when dealing with whether she actually has to arbitrate underlying claims. So, for instance, we'd be looking at things like the gentry factors as to whether the arbitration agreement is enforceable. We'd be looking at things like the labor code section, I believe it's 229. Thank you. 229 and 432.6, whether those are applicable, which are not applicable. They're preempted by the FAA. So for that reason. What do they say? I'm sorry, what's that? What do they say? Oh, 229 says that you can't be required to arbitrate claims to recover unpaid wages. I think it's under Article 2, which is labor code sections 200 through the end of the 200s. I mean, it sounds like what you're saying. So what the court said is page 2. The court need not decide this issue, i.e., which statute applies, because the result is the same under the FAA or CAA. Orr must arbitrate her individual claims. I take it what you're saying right now is that that order or that statement was a misstatement of California law. It is, although it's a little complex, right, because what was supposed to be ordered to arbitration, pursuant to the judge's order, because she did it based on the delegation clause, which is sort of treated as a standalone mini-arbitration agreement. And we admit we didn't challenge whether that mini-standalone provision was unenforceable. And so we admit that that part is enforceable. The court seems to have gone further than that, and that is part of another reason why we were challenging this order, is that it seems like the court's already decided that her individual claims must be arbitrated, i.e., that the overarching arbitration agreement is valid. But in reality, that part is supposed to be decided by the arbitrator. I don't understand why the answer to Judge Miller's question isn't yes. I mean, what are you— Oh, well, it is yes. You haven't really gotten to the point of demonstrating why it isn't the case. Your argument is that it does make a difference, whether it's the FAA or the CAA, because what's arbitrable under one or the other is different. Yes, no, and that is true. You are correct. That is the answer. It is different. But then my next question is going to be— I mean, I had sort of suspected that that was true as a matter of California law, but I did not understand you to have made that argument until just now. And so I guess my concern is I read the district court's order as essentially saying there are two independent bases on which you can be ordered to arbitration, federal law or state law. I don't need to decide which because I've got these two independent theories. And you have come before us saying the federal theory was wrong, which it may well be. But absent an argument in the petition that the state law theory was also wrong, I'm not sure why that's mandamusable. Well, because the request for mandamus is to make the court make that decision. That's the issue. The issue is the court didn't assign it. You're not saying that the district court— If the district court had decided that the CAA applied, that it would then decide whether these exceptions to arbitrability under California law applied. It wouldn't. That would be under the delegation clause. Correct. So all you wanted them to do was decide whether the FAA or the CAA applied, not to not order arbitration under the CAA if the CAA applies. Correct. No, that is correct. So if we move past that factor, what about the fourth factor? So the oft-repeated error, it's—the judge did it twice. That's the best I can give you. And part of it is—I mean, I think part of that's intertwined with the clear error part. Every district court decision that I was able to find— Did this judge persistently disregard the rules? Well, no. Okay. So that might be the other side. What about the issue of law is one of first impression? Well, it isn't because it can't be clearly erroneous and that. So are you saying, then, that you win? This ought to come on mandamus because you're right on one, two, and three? Is that what you're saying? Well, yes, and courts do that. The third factor is the most important. But also, isn't it an issue of first impression, this precise issue, whether it is that he has to just— I mean, New Prime was not a situation in which there was an alternative. That's correct. And that's—and the district courts seem to think that that made all the difference with regard to New Prime applying or not applying. So it is an issue of first impression. Well, but whether he asked—whether the district court asked to say by what authority the district court is supposed to act, which is what you're really here to—that's not new at all. No, and I was— In fact, we've got all kinds of cases on that. I was going to say that, you know, that is what we're asking for, and that fundamentally is a requirement of a court of limited jurisdiction, like all district courts are. A district court can't just say, well, I might have authority under one or the other, but I'm not going to tell you which one it is. So what are we supposed to do now with the fact that the statute actually says Ohio law? I don't know. Something we'll have to raise below, probably. But if we're going to decide that you should win because California law is different and it might make a difference, maybe Ohio law isn't different, it wouldn't have made a difference. I mean, I think no matter what, the court needs to identify under what authority it's compelling arbitration. I think that fundamentally that's what it didn't do, and fundamentally that's what it needs to do. And that's what we're asking for. If it turns out Ohio law doesn't permit it to do it, then we're actually in a New Prime situation, where, okay, if the FAA doesn't apply, you have no authority to compel arbitration. But I think regardless, the court has to say something, and it didn't. And if we rule on that question and apply the Bauman factors, in this case we've done all we need to do here. That's our position, frankly. We don't need to consider any other issues, just this. I mean, I believe so. I mean, other than the related issue that we raised in the petition, which is just a basis for the Rule 60 motion, which was failing to consider the evidence that the FAA did not. But that would rise and fail with the first. It would, yes. If the court doesn't have to make that decision, then that doesn't really matter. But, yes, our position is it needs to decide. Okay. Did you want to reserve some time? I'll reserve the three minutes I have left. All right, you may. Thank you.  Is it Ms. Falcone? It's Falcone. Thank you, Your Honor. Good morning, Your Honor. May it please the Court. Elizabeth Falcone on behalf of Real Party and Interest, United Parcel Service, Inc. I think the court hit the nail on the head when it commented on the fact that even if plaintiff's arguments were accepted or, I'm sorry, petitioner, she would still find herself in arbitration. If we assume, assume hypothetically that UPS had decided It could matter to the arbitration which one is the case. Actually, Your Honor, I don't think that is the case. Because in addition to the claims that the plaintiff was bringing on a representative or a class basis, she also has an individual claim that's pled only on her own behalf. It's her fifth claim under Labor Code Section 1102.5. And there's no argument raised by petitioner that there would be any reason that she would not be required to arbitrate that claim. I thought he said that wage and error claims under California law are not arbitrable. Well, if, Your Honor, the court determined in petitioner's favor that the FAA did not apply here and that it was only evaluating the agreement under the CAA, the California Arbitration Act, then it would have to decide, well, what claims are arbitrable? That would be the next question. What claims can I order to arbitration? No, it wouldn't have to do that. No, it wouldn't have to do that because that would all be under the delegation clause. Correct. That would have to arbitrate, but the arbitration would be about something different. Correct. But there would be an arbitration. Well, that's true, but it's not the same arbitration. Because now what you're doing is you're delegating to the arbitrator to decide which it is, the FAA or the CAA, and that's what you can't do under new prime. No, Your Honor, my point is that if the case had been sent to arbitration so that an arbitrator could decide the issues that the plaintiff was raising, the petitioner was raising, about whether the agreement was not valid and completely void, then the arbitrator could have decided that you must arbitrate your – the arbitration agreement is valid under California law, but the only claim that's actually arbitrable is the 1102.5. But first you would have to decide that the FAA is not applicable. I don't think so, Your Honor. Before it gets to the California Arbitration Act question. Well, the – Obviously, that's true. I mean, the arbitrator would have to decide which one applies, and that's what he can't do under new prime. Well, I think that, importantly here, what – although the Court's original order, as the Court has noted, did not – has a – what Petitioner could have argued was a misstatement of law, Petitioner moved for clarification, and although the order on the clarification motion says denied, in fact, Petitioner got exactly what she wanted, which is at the final page of the order on the order for clarification, which is APP 161, the Court says that it refrained from determining whether a Section 1 exemption applies, and it says the CAA – and whether the CAA and FAA applies, because the CAA does not require analysis of whether an exemption applies prior to compelling arbitration. So effectively, the Court made the determination the plaintiff was looking for. Right, but I think the – I guess the point that was being made is that under the delegation clause, the arbitrator is going to decide what's arbitrable, and if we're governed by the FAA, the wage and hour claims are arbitrable. If we're governed only by the CAA, the wage and hour claims are not arbitrable. Isn't that – and the arbitrator – under the district court's order, the arbitrator is going to have to resolve that, right? Well, UPS does not concede that the wage and hour claims, excuse me, are not arbitrable on an individual basis. It is fully possible that what could happen here is the arbitrator could say, you have to arbitrate all of your claims on an individual basis, and the arbitrator – So does that mean that he first has to decide that the FAA doesn't apply? I don't think so, Your Honor. I think that the district court's order clarifying it made clear that the basis for sending the case to arbitration was that the district court felt that even if the FAA did not apply, they'd still end up in arbitration with the CAA. Okay. But it's a different arbitration. Well, what exactly is to be arbitrated is subject to the delegation clause, which was not challenged by the petitioner.  Right, but I guess – but the – so just taking the wage and hour claims, if the – and the arbitrator will have to resolve whether those are arbitrable, but if this is governed by the CAA, isn't the arbitrator going to say they're not arbitrable because of 229? Not necessarily. There has been – Well, not necessarily, but that will be the question before him. And if it's – and if – but he first has to decide whether the FAA applies because if the FAA does apply, then that question is moot and you never have to decide it. So one way or another, how the arbitration goes depends on whether the FAA applies. I don't believe so because I think that the district court's order, fairly read with the addition from the order on the motion for clarification, is that it is being ordered to arbitration under the CAA. And then the claims that are – So you think he did decide that the FAA doesn't apply? The court said that it was not – If the FAA applies, then the CAA doesn't apply, right? Yes. Okay, so in order to order arbitration under the CAA, he has to decide the FAA doesn't apply. But if the district court were to find – You're really confusing me. I don't know what you're saying. I apologize, Your Honor. It is confusing because we don't know what the arbitrator would have determined. So if the – But the question is would he have to determine to do anything sensible whether the FAA applies or not. I think what Judge Berzon is trying to point out is if the arbitrator is left to determine issues which under one, the CAA or the Ohio Arbitration Act or the FAA are different, then the arbitrator is making decisions the DJ should have made. It shouldn't be something the arbitrator decides. It's only if those issues are always the same when it wouldn't matter, which it seems to me to be your argument. But I'm suggesting – That's why I wanted to get you to answer her question. It seems to me that if they have to make that decision, that it's not their decision to make and it's of any consequence whatsoever, the district court should have made the decision in the first place. Well, what the district court can do is ask her to arbitrate for her individual claims on an individual basis to the merits to determine whether in fact – I don't understand what the individual part has to do with it. I mean it has to do with – just a minute. I mean there's another problem, which is that under California law, you wouldn't have to arbitrate the class action claims or maybe not. But you're saying, well, she's only litigating the individual claims. But so what? You still have the same problem, which is that you still have this question of California law and the federal act. And we don't know about Ohio law. I want to hear what you have to say about Ohio after this. Are different with regard to – or at least maybe different as to whether or not – what exactly she has to arbitrate or whether she has to arbitrate the – so what difference does it make if it's the individual claim? Well, conceptually what would happen is she would arbitrate. Let's say she arbitrates her reporting time claim under California law. And the arbitrator determines that she has a valid claim. She wins on that. She goes under California law. She goes back to the – I thought it's not arbitrable under California law. The individual claim that she – whether she personally suffered a violation, not her representative claim. Right, I understand. It would be before the arbitrator. But I thought that the claim about – the contention about California law is that wage and hour laws, individual or class, are not arbitrable. Well, that contention would be decided by the arbitrator. Whether a wage and hour claim – But he would only decide it if he first decided that California law was applicable. He would have to decide that the FAA isn't applicable. Because if the FAA is applicable, then it is arbitrable and there's no issue. Well, either way, the claims are substantively governed by the underlying California law, and that decision will have to – But not as to whether it's arbitrable. Correct. The decision as to whether a petitioner has a valid claim under California law is arbitrable on her individual basis. Now, if she were to win on that claim, she could then go back to the district court and say, I won, let me pursue on a class basis. Is it not true that there is an exemption from California arbitration law for wage and hour cases? I think that that is subject to debate, whether they can bring them on a class basis. All right, it's subject to debate, but it's something the arbitrator would have to decide.  What? Even individual claims, not just class claims. Correct. So can we agree on this much? If federal law applies, the arbitrator would resolve the merits of the wage and hour claim. Yes. If state law applies, the arbitrator would decide whether the wage and hour claim is arbitrable, and apparently you have a debate over what Section 229 says about that, and either say that they're right about 229, in which case it's not arbitrable, or say that you're right, and then resolve the merits. Correct, correct. Yes. It's quite a complicated set of steps that the court would have to go to, but ultimately if she prevails on any of her claims, she can go back to the district court and say, now please decide if I can bring these claims on a class basis, and that's when the district court could decide this issue of whether there is Section 1 preemption or not. So the court is entitled to reserve it. Yes, it results in a lot of arbitrating. I'm sorry. On your theory, on the class claim, the reason they'd have to decide the FAA claim at that point is because if it was under California law, if it was under the FAA, she would have to arbitrate? Why would the district court decide it then? The district court would be deciding whether the class action, whether the FAA applied such that the class action waiver was valid or not. If it decided then, no, the FAA doesn't apply. There's no class action waiver. Go ahead, petitioner, and proceed to represent all these people in the district court. Now that you have had a determination on the merits. Because under California law, you can't have a class action waiver. Is that right? Correct. Yes, that would be petitioner's argument. That's the issue you really care about. But on the other hand, there is this individual claim, and it still has a California. So what about Ohio law? What it says is the FAA does not apply to a particular dispute or to one or both parties. The parties agree that the Ohio Arbitration Act will apply, and they acknowledge that United Parcel Services is an Ohio corporation. If neither the FAA or OAA apply, the parties stipulate and agree that the arbitration law of the jurisdiction where the arbitration will take place will apply. So why are we talking about California law? Well, Your Honor, obviously this hasn't been briefed, but my belief is that the parties operated under the assumption that the Ohio Choice of Law Clause would be invalidated for a California employee. Now, regardless of whether it's Ohio or California, that issue is delegated to the arbitrator. So if petitioner wants to raise that issue, he's free to. For your question, because the Ohio Arbitration Act might not have any different provisions that we had to worry about, and the district court might be right that it didn't matter, whereas under a California law, it seems like it does matter. So it would seem relevant. I mean, I don't know. I suppose we could just say the parties have agreed that California law applies and forget about it, but it's kind of peculiar. I think that the arbitrator would be entitled to take up that issue of which law would apply. It is delegated to the arbitrator. If petitioner wants to argue that Ohio law doesn't apply in front of the arbitrator, she can. I have nothing further. Thank you. Thank you. Rebuttal? Perhaps getting back to that issue of Ohio law and a secondary problem with what the trial court did, sorry, district court did, is that the parties didn't agree to delegate a choice of law to the arbitrator. The delegation clause lists a number of things that were agreed to be delegated to the arbitrator, including questions of arbitrability, enforceability, things like that. They did not say choice of law. And I think fundamentally beyond the fact that the district court is required to decide under what authority it is acting to compel arbitration, I think that's quite clear, and it didn't do that here. Again, it sort of just tossed it in the air and said, well, we can do it under any. The other issue is that petitioner and UPS never agreed that the question of what law applies would be delegated to the arbitrator. And I think that the law is very clear on the fact that parties can't be forced to arbitrate something they didn't agree to arbitrate. And that is a secondary basis in which petitioner has challenged this issue, is that to do this, to allow this ruling to stand as it is, would also require petitioner to delegate an issue that she never agreed to delegate to the arbitrator, namely, again, whether the FAA applies to the agreement or alternatively, Ohio law or California law. Now, as to whether the FAA applies, there's a Supreme Court case to be argued in the spring which seems extremely pertinent. But for our purposes now, that doesn't matter because all we have to decide is whether the district court should have decided and the district court can wait if he wants to. Yeah, I believe so. I mean, the only thing we're asking the court to do is to tell the district court to make that decision. But he might decide to wait for the Supreme Court case. That's possible. Again, it's just that the court didn't make the decision and we feel that the court needed to make that decision and the arbitrator did. Further questions? It appears not. Okay, I'll submit. Thank you. We thank both counsel for their arguments in this case. Thank you very much. The case is submitted and we are adjourned for the week. All rise. This court for this session stands adjourned.
judges: BERZON, SMITH, MILLER